UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID WOODRING, | |
| Plaintiff, | COMPLAINT |
| v. | Civil Action No.: |
| METRO-NORTH RAILROAD COMPANY, | |
| Defendant. | Plaintiff Demands Trial By Jury |

## NATURE OF ACTION

1. The Plaintiff, David Woodring brings these actions for negligence both under the FELA 45 USC § 51 et seq. and the common law against the Defendant Metro-North Railroad Company (hereinafter, "Metro-North") for injuries suffered by Plaintiff, David Woodring while in the employment of the Defendant, Metro-North Railroad Company.

## JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers Liability Act 45 USC §51 and 28 USC 1331. Venue properly lies in this Court pursuant to 45 USC §56.

## PARTIES

3. The Plaintiff, David Woodring ("Plaintiff"), resides in Pine Bush, New York.

4. The Defendant, Metro-North is a public benefit corporation duly established by law, and having a usual place of business in New York, New York and was and still is a common carrier in interstate transportation and commerce by railroad.

## AS AND FOR A FIRST CAUSE OF ACTION
## PLAINTIFF HEREIN ALLEGES:

5. That on or about the 14th day of January, 2013, and for sometime prior thereto, Plaintiff, David Woodring was employed by the Defendant, Metro-North Railroad, as a carman/welder in the furtherance of Defendant's business in interstate commerce.

6. That on or about the 14th day of January, 2013 the Plaintiff, David Woodring was assigned to work out of Defendant's Harmon Repair Shop, in Croton-on-Hudson, New York, in furtherance of the Defendant Metro-North Railroad's business in interstate commerce, when he first became aware of cumulative trauma injuries he sustained as a result of the defendant, Metro-North Railroad's negligence.

7. That as a result of the negligence of the Defendant, Metro-North Railroad, its agents, servants and employees, with respect to the negligent and careless operation of its business, with respect to the failure of Defendant to properly provide Plaintiff, David Woodring with a safe place to work; failure of Defendant to properly warn Plaintiff of the possible and potential hazards to his health; the failure of the Defendant to inspect and maintain its equipment and property in a proper and safe manner, the failure of the Defendant to comply with the applicable state and federal statutes, the failure of the Defendant to properly operate the job and in the general reckless, careless and negligent manner in which the Defendant carried on its business, Plaintiff was caused to suffer serious and permanent cumulative trauma injuries, of which he became aware of said injuries and their cause at no time prior to January 14, 2013, while employed by the Defendant.

8. That as a result of the Defendant, Metro-North Railroad's negligence, as aforesaid, without any negligence on the part of the Plaintiff, contributing thereto, the Plaintiff was caused to suffer severe, permanent, personal and painful physical and emotional injuries, mental

anguish, embarrassment, humiliation, disability, denial of social pleasure and enjoyments, change of lifestyle and has been and will be caused to lose time from his railroad employment and will incur expenses and suffer additional damages.

9. That specifically at no time prior to January 14, 2013, did the Plaintiff, David Woodring first become aware that he was caused to sustain serious and permanent injuries due to the Defendant, Metro-North Railroad's failure to provide him a safe place to work while repetitively performing maintenance of equipment work with improper and/or ergonomically inefficient equipment and procedures.

10. That the Plaintiff, David Woodring demands trial by jury of all issues.

### AS FOR A SECOND CAUSE OF ACTION
### PLAINTIFF HEREIN ALLEGES:

11. Plaintiff, David Woodring repeats and re-alleges paragraphs numbered "1" through "10' as if they were more fully set forth herein.

12. In the course of his employment duties, the Plaintiff was continuously and repeatedly required to perform repetitive and forceful motions utilizing his upper extremities, arms and hands and was required to lift and utilize tools and equipment that were insufficient and not ergonomically safe, thereby failing to provide him with a safe place to work free from negligence that the Defendant, its agents and employees knew or should have known would cause and/or contribute to injuries.

13. Throughout his employment, Plaintiff, David was unaware of the dangerous effects of the forceful and repetitive motions and the ergonomics to which he was being exposed and which were the cause of severe and permanent injury to his upper extremities, including, but not limited to, his hands.

14. Throughout Plaintiff David Woodring employment, the Defendants, Metro-North Railroad knew, or in the exercise of proper diligence should have known, of the presence and existence of the aforementioned dangers within Plaintiffs working environment, and of his ongoing required repetitive, forceful and ergonomically inefficient movements throughout the same period and failed to warn him of the same.

15. The injuries and damages to Plaintiff, David Woodring being complained of were directly and proximately caused by the negligence of the Defendant, Metro-North Railroad, their agents, servants or employees while acting within the nature and scope of his employment for the Defendant, Metro-North Railroad, in one, several or all of the following respects: Defendants' violation of the Federal Employers' Liability Act; Defendant's negligence in failing to provide Plaintiff with a reasonably safe place to work; Defendants' negligence in requiring to repeatedly lift without proper equipment and training; Defendants' negligence in failing to warn Plaintiff of the dangers posed by the aforementioned repetitive and forceful motions; Defendants' negligence in failing to offer Plaintiff adequate help and assistance and in ordering/assigning Plaintiff to work beyond his physical capacity; Defendants' negligence in failing to periodically inspect and/or test its workplace; Defendants' negligence in allowing unsafe practices to become standard practice and Defendants' negligence in failing to comply with existing federal statutes and regulations.

16. As a direct and proximate result of the aforementioned negligence of the Defendant, Metro-North Railroad, Plaintiff, David Woodring sustained severe and permanent injuries to his upper extremities, including, but not limited to, his left hand and thumb and right hand, with attendant pain, suffering, anguish, debilitation, torment, loss of enjoyment of life, change of lifestyle, loss of wages and fringe benefits, loss of earning capacity, and medical

expenses, all to his damage.

17. The Plaintiff, David Woodring demands a trial by jury of all issues.

### AS AND FOR A COMPLETE AND SEPARATE THIRD CAUSE OF ACTION, PLAINTIFF HEREIN ALLEGES:

18. Plaintiff, David Woodring repeats and re-alleges paragraphs numbered "1" through "17" as if they were more fully set forth herein.

19. In the course of his employment duties, the Plaintiff, David Woodring was continuously and repeatedly required to perform repetitive and forceful motions utilizing his upper extremities and was required to grab, lift, pull, push and carry heavy objects while walking utilizing inefficient tools which caused the Plaintiff to sustain severe and permanent injuries.

20. Throughout his employment, Plaintiff, David Woodring was continuously unaware of the dangerous effects of the forceful and repetitive motions which he was being exposed to and which were the cause of severe and permanent injury to his upper extremities, including but not limited to his left thumb.

21. Throughout Plaintiff, David Woodring employment, the Defendant, Metro-North knew, or in the exercise of proper diligence should have known, of the presence and existence of the aforementioned dangers within Plaintiffs working environment, and of his ongoing required repetitive and forceful movements throughout the same period and failing to warn him of the same.

22. The injuries and damages to Plaintiff, David Woodring being complained of were directly and proximately caused by the negligence of the Defendant, Metro-North Railroad, their agents, servants or employees while acting within the nature and scope of their employment for the Defendant, in one, several or all of the following respects: Defendants' violation of the

Federal Employers' Liability Act; Defendants' negligence in failing to provide Plaintiff, David Woodring with a reasonably safe place to work; Defendants' negligence in requiring Plaintiff, David Woodring to repeatedly grab, lift, pull, push and carry heavy objects while using inefficient and/or improper tools; Defendants' negligence in failing to furnish Plaintiff with the proper equipment; Defendants' negligence in failing to warn Plaintiff of the dangers posed by the aforementioned repetitive and forceful motions; Defendants' negligence in failing to periodically inspect and/or test its workplace; Defendants' negligence in allowing unsafe practices to become standard practice and Defendants' negligence in failing to comply with existing federal statutes and regulations.

23. As a direct and proximate result of the aforementioned negligence of the Defendant, Metro-North Railroad, Plaintiff, David Woodring sustained severe and permanent injuries to his upper extremities and right shoulder, with attendant pain, suffering, anguish, debilitation, torment, loss of enjoyment of life, change of lifestyle, loss of wages and fringe benefits, loss of earning capacity, and medical expenses, all to his damage.

24. Plaintiff demands trial by jury of all issues.

**WHEREFORE,** the Plaintiff, David Woodring, demands money judgment against the Defendant, Metro-North Railroad Company for each of his causes of action in an amount to be determined together with attorney's fees, interest, costs and disbursements of this action and such other and further relief as this Court deems proper.

DATED:	January 13 2016
		Williamsville, New York

>	*/s/ Steven L. Kantor*
>	**STEVEN L. KANTOR, ESQ.**
>	**The Kantor Law Firm, PLLC**
>	*Attorney for Plaintiff*
>	5800 Main Street
>	Williamsville, New York 14221
>	716-626-0404
>	kantorlaw@roadrunner.com
>
>	Of Counsel for Plaintiff
>	Richard P. Gilardi
>	223 4th Avenue, Floor 10
>	Pittsburgh, PA  15222
>	412-391-9770
>	rpgilardi@lawgol.com